UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 12-cr-00022-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    ALEJANDRO HERNANDEZ-SARMIENTO,
2.    AGUSTIN AGUIRRE-RAMIEREZ,
3.    LUIS REYNOSO-RODRIGUEZ,
4.    **ADRIAN HERNANDEZ,**
5.    HUMBERTO VILLALOBOS,

        Defendants.

_____

**OPINION AND ORDER DENYING
MR. VELASCO'S MOTION FOR RECONSIDERATION**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Velasco's (Mr. Hernandez's counsel) Motion for Reconsideration **(# 201)** of the Court's September 26, 2013 Minute Order finding Mr. Velasco in contempt of court and fining him $ 2,000. Also pending is Mr. Velasco's motion **(# 208)** to have a document filed under a Level 2 restriction from public access.

Some recitation of the relevant events is necessary. Mr. Hernandez entered a plea of guilty on March 13, 2013 **(# 166)**. Consistent with the Court's practices, the parties conferred with the Courtroom Deputy to select a sentencing date. Mr. Velasco was present and selected May 29, 2013 as the sentencing date.

On May 28, 2013, Mr. Velasco moved to continue **(# 191)** Mr. Hernandez's sentencing. The stated grounds for that motion were that Mr. Velasco "has two other matters set . . . in Adams County and Arapahoe County that cannot be continued." Mr. Velasco acknowledged

that he had been aware of the conflict for at least a week and had attempted to secure substitute counsel to attend to the state court matters, but had been unsuccessful in doing so.  The Court granted Mr. Velasco's motion by text order **(# 192)**, directing the parties to jointly contact chambers to reset the sentencing and stating that "No further motions to continue will be granted."

Consistent with the Order, the parties (including Mr. Velasco) contacted chambers and agreed upon August 7, 2013 as the date for the sentencing hearing.  On July 26, 2013, Mr. Velasco again moved to continue **(# 194)** the hearing, indicating that he "will be out of town until August 11, 2013" due to the fact that "non-refundable family travel accommodations have been made and the family cannot make other plans due to the start of school."  The motion noted that Mr. Velasco had secured substitute counsel to handle other court proceedings that would occur during that time, but that "[Mr. Hernandez] does not want substitute counsel to attend his sentencing hearing" and that he "wishes . . . to have present counsel available."  Consistent with the prior admonition that no further continuances would be granted, the Court denied **(# 195)** Mr. Velasco's motion.

On August 7, 2013, Mr. Hernandez appeared for sentencing as scheduled.  Mr. Velasco did not appear.  Instead, attorney Clark Aguilera entered an appearance on Mr. Hernandez's behalf, informing the Court that he was "covering" for Mr. Velasco.  Mr. Aguilera advised the Court that he was prepared to proceed, but that Mr. Hernandez did not consent to having anyone other than Mr. Velasco represent him for purposes of sentencing. The Court continued the sentencing to September 26, 2013, and issued an Order to Show Cause **(# 197)** to Mr. Velasco to show why he should not be held in contempt of court.

Mr. Velasco appeared at the September 26, 2013 hearing.  Explaining his failure to

appear at the August 7 hearing, Mr. Velasco stated that at the time he made the July motion to continue, he spoke to Mr. Hernandez and advised that, if a continuance was not granted, he would send his associate to represent Mr. Hernandez. Mr. Hernandez told Mr. Velasco that he did not want to be represented by Mr. Velasco's associate.[1] Mr. Velasco stated that after the continuance was denied, he consulted with Mr. Hernandez's brother (to whom, Mr. Velasco contends, Mr. Hernandez had given a "power of attorney" to act on Mr. Hernandez's behalf), and that Mr. Hernandez's brother gave permission for Mr. Velasco to send a substitute. He stated that, after the August 7 hearing, Mr. Hernandez acknowledged to Mr. Velasco that he had been aware that Mr. Aguilera would be appearing on Mr. Velasco's behalf at that hearing, and that Mr. Hernandez was content to have Mr. Aguilera represent him, but that he nevertheless wanted Mr. Aguilera to request a continuance. The Court found this explanation to be insufficient, that despite being advised that no further continuances would be granted, Mr. Velasco "nevertheless . . . scheduled a vacation over the time period that the hearing was set." Thus, the Court held Mr. Velasco in contempt of court.

The following day, Mr. Velasco filed the instant Motion for Reconsideration **(# 201)**, requesting that the Court reconsider its finding him in contempt. With the exception of the minor clarification about the contents of the July continuance motion, noted in the previous footnote, Mr. Velasco's motion simply repeated the explanation Mr. Velasco gave in-court. However, in addition to the motion, Mr. Velasco filed a letter that elaborated upon his comments

---

[1] Mr. Velasco now contends that his July continuance motion, which indicated that Mr. Hernandez had stated that he did not want "substitute counsel" to represent him at the sentencing, was mis-worded. He states that Mr. Hernandez's only objection was to Mr. Velasco's <u>associate</u> representing him at sentencing, but that Mr. Hernandez did not voice any objection to some other counsel appearing in Mr. Velasco's stead.

at the September 26 hearing.[2] The letter stated that Mr. Velasco "did not want to share my personal information with the Defendant present or for others in the court to hear" during the hearing, but that "there were some other factors that I did not share in open court that I would like to share with you." The letter recounted that Mr. Velasco is involved in a protracted dispute with his ex-wife on issues of child custody, and that it was this dispute that "caused me to cancel my original June 2013 [vacation] plans" with his children. It goes on to explain that the August 2013 dates were the only other dates on which Mr. Velasco could go on vacation with his family.

Although the Court reconsiders its finding of contempt in light of this additional information and argument, such reconsideration does not yield a different result. Mr. Velasco's actions placed him in contempt of the Court in two significant respects. First, he elected to schedule a family vacation knowing full well that he was scheduled to appear for Mr. Hernandez's sentencing during that time period. Mr. Velasco has not and does not appear to contend that his August 2013 vacation plans were in place at the time the parties re-set the sentencing hearing in May 2013 (indeed, one would assume that Mr. Velasco would not purposefully set the hearing to occur on a date for which he knew he could not be present). Thus, at the time Mr. Velasco made his vacation plans, he did so with knowledge of both the fact that those plans conflicted with his obligation to appear at Mr. Hernandez's sentencing and his

---

[2]   Mr. Velasco's subsequently-filed motion to restrict (**# 208**) seeks to restrict public access to this document, claiming that it recites "personal information [that] only would serve as to further embarrass and cause mental anguish to" Mr. Velasco. The Court finds that this dramatically overstates the relatively ordinary fact of an ongoing custody dispute and recites that dispute in largely generalized terms, making Mr. Velasco's own privacy interest in the contents of the letter fairly minimal. Moreover, the information about the dispute is a major component of Mr. Velasco's request for reconsideration of the Court's contempt finding, heightening the public interest in access to the document, given the public's strong interest in understanding the matters considered by the Court and the reasons for the Court's decisions. Accordingly, Mr. Velasco's request to restrict access to the letter is denied, and the Clerk of the Court shall lift the access restrictions on Docket # 203.

understanding that the Court had indicated that it would not grant any further continuances of that hearing. Faced with that dilemma, Mr. Velasco elected to disregard his settled professional obligations to his client and the Court in favor of going on vacation.

The Court is mindful that all counsel have personal, family, and social obligations that must be observed, and that the busy life of a professional often brings work obligations and personal obligations into conflict. Where important personal obligations arise suddenly or unexpectedly, the Court endeavors to accommodate them.

At the same time, counsel must recognize that continuances of proceedings – particularly continuances that are requested at the last minute – have broad ramifications. A hearing that is continued at the last minute on the request of counsel can be disturbing to the client (especially one who is detained). To the client, the sentencing hearing can be the most important hearing in a criminal case because it brings closure and defines the future. The client justifiably expects to be sentenced in a timely fashion and to have his/her attorney who is most familiar with the matter present to make appropriate arguments and offer credible explanations. Cancellation of sentencing hearings at the last minute attenuate the criminal process and can deprive the client of anticipated closure.

In addition, last minute continuances are disruptive to the Court's calendar and impact a host of participants. The Court is usually unable to set another hearing to make productive use of the time set aside for the initial hearing, and it requires the Court to make room on its calendar in the future to hold the rescheduled hearing. It also disrupts the schedules and expectations of opposing counsel, the Marshal's service, probation officers, victims or other witnesses, court staff, etc. Thus, although the Court understands and often attempts to accommodate counsel's personal and family obligations, there is a reciprocal obligation by counsel to be respectful of

others both involved in the case at hand and those in other cases who have need for courtroom time.

In this case, Mr. Velasco made two last-minute requests to continue the sentencing hearing. One was accommodated, and at such time he was advised that no further continuances would be granted. Both sentencing dates were set in deference to his calendar reflecting both his availability and commitment to attend. However, he made vacation plans that conflicted with his obligation to the Court and to his client. This was his first act warranting the contempt citation.

The second contemptuous act followed from the first. Mr. Velasco's motion apologizes for misunderstanding that having alternative counsel appear "was not permitted in Federal Court." This is both a misunderstanding of both the Court's local rules and customs, as well as what transpired at the hearing. The appearance of substitute counsel at hearings occurs frequently, on both the prosecution and defense sides. Such substitute appearances are permissible upon the satisfaction of two requirements: (i) the client must consent to the substitute appearance, and (ii) the substitute counsel must "file promptly an entry of appearance."[3] D.C.COLO.LCrR 44.1.

Mr. Aguilera's appearance on Mr. Hernandez's behalf at the August 7 hearing did not satisfy either requirement. Mr. Aguilera did not file an entry of appearance for Mr. Hernandez in advance of the hearing (although the record indicates that he had agreed to substitute for Mr. Velasco as early as July 30, a full week before the hearing). Mr. Aguilera even was somewhat resistant to enter an appearance at the hearing, offering to enter only a "limited appearance" (an appearance that is not contemplated nor permitted by this Court's local rules). It was not until pressed by the Court that Mr. Aguilera agreed to formally enter an appearance on Mr.

---

[3]  A third requirement also exists: the substitute counsel must be a member of the bar of this Court. Mr. Aguilera certainly satisfied this requirement.

Hernandez's behalf.

More importantly, the record indicates that Mr. Velasco did not adequately obtain Mr. Hernandez's consent to have Mr. Aguilera substitute for Mr. Velasco at the hearing. Regardless of any ambiguity in Mr. Velasco's second continuance motion, the record is clear that Mr. Hernandez did not want anyone other than Mr. Velasco to represent him at his sentencing hearing.[4]

Mr. Velasco's intentional decision to absent himself from the scheduled sentencing hearing is compounded by his failure to adequately advise Mr. Hernandez of his intention to be absent from the sentencing and to secure Mr. Hernandez's knowing, voluntary, and unambiguous consent to be represented by Mr. Aguilar[5]. In short, Mr. Velasco deliberately chose to favor his own personal interests over his professional obligations to Mr. Hernandez to the Court, and then failed to adequately ensure that those professional obligations would be adequately discharged in his absence.

Accordingly, Mr. Velasco's Motion for Reconsideration **(# 201)** is **GRANTED IN**

---

[4] Mr. Velasco's motion states that he discussed the issue of substitute counsel with Mr. Hernandez on July 25, and that Mr. Hernandez "asked [Mr. Velasco] to share this information with his brother." Mr. Velasco then states that he spoke to Mr. Hernandez's brother and obtained the brother's permission to have substitute counsel present at sentencing. Regardless of any "power of attorney" that Mr. Hernandez may have given to his brother, the fact remained that Mr. Hernandez was competent to make decisions on his own behalf and Mr. Velasco was capable of contacting him to advise him of the issue and to secure his consent (or refusal) to be represented at sentencing by a different attorney. Nowhere does Mr. Velasco indicate that Mr. Hernandez himself agreed to be represented by Mr. Aguilera.

[5] Mr. Hernandez might have been willing to have Mr. Aguilera proceed to represent him at the sentencing hearing had the Court refused to grant the oral request for a continuance. *See Docket* # 207, ¶ 4 ("Mr. Aguilera was ready to address sentencing on August 7, 2013 and was not attending the hearing with the intention to request a continuance.") However, it is hard to imagine what choice Mr. Hernandez would have had. Mr. Velasco essentially presented him with a *fait accompli*. If the Court did not grant his motion for continuance, he would have had to accept representation by Mr. Aguilera.

**PART**, insofar as the Court has reconsidered its finding of contempt in light of the additional information and argument presented by Mr. Velasco, and **DENIED IN PART**, insofar as the Court nevertheless finds that contempt the Court, upon reconsideration, nevertheless adheres to its initial determination finding Mr. Velasco in contempt of court.  Mr. Velasco's motion to restrict access **(# 208)** is **DENIED**, and the Clerk of the Court shall lift access restriction on Docket # 203.

Dated this 1st day of November, 2013.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge